**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MOTMANCO, INC., etc.,
et al.,

      Plaintiffs,

vs.                                        CASE NO.  3:04-cv-270-J-99HTS

MCDONALD'S CORPORATION, etc.,

      Defendant.

_____

**O R D E R**

This cause is before the Court on Plaintiffs' Motion to Conduct Additional Depositions (Doc. #35; Motion), filed on April 7, 2005. The Motion is opposed by Defendant. McDonald's Corporation's Response in Opposition to Plaintiffs' Motion to Conduct Depositions of Twenty Witnesses (Doc. #41; Opposition), filed on April 20, 2005.

Plaintiffs seek permission to depose twenty witnesses rather than the usual ten. Motion at 4. In support, it is argued "there were numerous employees of Defendant who . . . possess information pertinent to Plaintiffs' claims." *Id.* at 3. Further, Defendant listed a large number of individuals who might have discoverable information in its initial disclosures. *See id.* Defendant responds that "Plaintiffs' assertion that they need to depose twenty McDonald's witnesses is premature and without support." Opposition at 2 (emphasis omitted). In addition, it is contended

the burden of the proposed discovery outweighs the benefit it would
provide. *Id.* at 3-4.

Pursuant to Rule 30(a)(2)(A), Federal Rules of Civil Procedure
(Rule(s)), leave of court must be obtained before a party may
conduct more than ten depositions in a case. *See also* Rule
3.02(b), Local Rules, United States District Court, Middle District
of Florida ("[N]o more than ten depositions per side may be taken
in any case unless otherwise ordered by the Court."). The
depositions should not be allowed if the Court

> determines that: (i) the discovery sought is unreasonably
> cumulative or duplicative, or is obtainable from some
> other source that is more convenient, less burdensome, or
> less expensive; (ii) the party seeking discovery has had
> ample opportunity by discovery in the action to obtain
> the information sought; or (iii) the burden or expense of
> the proposed discovery outweighs its likely benefit,
> taking into account the needs of the case, the amount in
> controversy, the parties' resources, the importance of
> the issues at stake in the litigation, and the importance
> of the proposed discovery in resolving the issues.

Rule 26(b)(2). "[A] party seeking to exceed the presumptive number
of depositions must make a 'particularized showing of why the
discovery is necessary.'" *Bituminous Fire and Marine Ins. Corp. v.
Dawson Land Dev. Co.*, No. 3:02-CV-793-J-21TEM, 2003 WL 22012201, at
*1 (M.D. Fla. Feb. 13, 2003) (quoting *Daniels Midland Co. v. Aon
Risk Servs., Inc.*, 187 F.R.D. 578, 586 (D. Minn. 1999)).

Here, Plaintiffs have failed to make the required showing.
The Motion alleges several times there are numerous individuals who
have information related to the case, *see* Motion at 3-4, and

"depositions of these witnesses are critical to Plaintiffs' case."
*Id.* at 3.  It has not been explained why Plaintiffs believe all of
the requested depositions are "critical."  They have not listed the
individuals they seek to depose and, from the information provided,
the Court is unable to determine whether the proposed discovery
would be unreasonably cumulative or if the burden would outweigh
the likely benefit. The assertions in the Motion are simply
insufficient to justify allowing Plaintiffs to exceed the number of
depositions allowed under the Rules.

In light of the foregoing, the Motion (Doc. #35) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of
April, 2005.

/s/       Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    *pro se* parties, if any