**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MOTMANCO, INC., etc.,
et al.,

      Plaintiffs,

vs.                     CASE NO.  3:04-cv-270-J-99HTS

MCDONALD'S CORPORATION, etc.,

      Defendant.

_____

**O R D E R**

    This cause is before the Court on McDonald's Corporation's Motion to Compel Responses to Discovery Requests (Doc. #25; Motion).  The Motion is opposed by Plaintiffs.  Plaintiffs' Memorandum of Law in Opposition to Motion to Compel Responses to Discovery (Doc. #30; Opposition).  On April 8, 2005, McDonald's Corporation's Reply Brief in Support of its Motion to Compel Responses to Discovery Requests (Doc. #32; Reply) was deemed to have been properly filed.  Order (Doc. #36).

    Initially, Defendant asked the Court to compel production of documents sought pursuant to requests 32, 33, 38, and 40 of McDonald's Corporation's First Request for Production of Documents and Things (First Request), attached to the Motion as Exhibit A. Motion at 5.  The Opposition represents that after the Motion was filed, "Plaintiffs . . . supplemented their response to [these requests.]"  Opposition at 2.  For that reason, they contend, the

Motion is "moot with respect to these requests." *Id.* The Reply does not contest this assertion. Indeed, in its conclusion, Defendant again asks the Court to compel the other documents discussed in the Motion, but does not mention these items. *See* Reply at 5. In light of the foregoing, it appears the Motion is moot with respect to requests 32, 33, 38, and 40.

McDonald's complains "Plaintiffs . . . refuse to produce documents pursuant to the single document request contained in McDonald's Second Request for Production of Documents." Motion at 6. This request seeks "[a]ll documents relating to any other businesses owned or operated or any businesses planned to be owned or operated by David Motley, members of his family, or Plaintiffs, including without limitation any and all Hampton Inn franchises." McDonald's Corporation's Second Request for Production of Documents and Things, attached to the Motion as Exhibit B, at 1.

Defendant asserts "material concerning David Motley's other business interests is directly relevant to the issue of whether [he] satisfied a requirement for receipt of 'Re-Imaging' funds by using full time and best efforts in the operation of his franchises." Reply at 2 (emphasis omitted).[1] Plaintiffs contend "the issue of whether [they] are using 'full time and best efforts'

---

[1] The Complaint (Doc. #1) alleges McDonald's offered Plaintiffs, who are franchisees, funds to remodel their restaurants (the "Re-Imaging Incentive Plan[,]" *Id.* ¶ 12) in return for "offer[ing their] customers certain food and beverage items at discounted prices[.]" *Id.* ¶16; *see id.* ¶¶ 11-23. However, according to Plaintiffs, "McDonald's [later] abandoned the Plan" to an extent that "amounted to a 'bait and switch.'" *Id.* ¶¶ 24, 25.

to operate and promote their franchises is entirely irrelevant" and, for that reason, the document request is improper. Opposition at 3. Specifically, it is asserted this issue is relevant neither to the allegations in the Complaint nor to a claim or defense asserted by Defendant. *Id.* Plaintiffs make no other argument regarding the propriety of this discovery request.

Following the Court's dismissal of all but one of Plaintiffs' claims, *see* Order (Doc. #33), the Answer of Defendant McDonald's Corporation (Doc. #38; Answer) was filed. Among other things, the Answer contains the affirmative defense that "Plaintiffs' [remaining claim is] barred, in whole or in part, because Plaintiffs are in breach of their Franchise Agreements and/or Operator's Leases with McDonald's." *Id.* at 14. The Franchise Agreement, attached to the Motion as Exhibit K, specifically provides the "[f]ranchisee shall diligently and fully exploit the rights granted in this [f]ranchise by personally devoting full time and best efforts[.]" *Id.* at 6. In addition, according to the Eligibility Criteria for U.S. Agenda Focus Remodel and Rebuild Programs, attached to the Reply as Exhibit 2, in order to be eligible to participate in the programs, restaurant owners must be "devoting full time and best efforts to the business[.]" It appears Plaintiffs acknowledge that in order to be eligible to receive "Re-Imaging" funds, the franchisee had to devote "full time and best efforts to running his franchises." Reply at 2 (footnote

omitted) (referring to an exchange from a deposition of David Motley where he concedes such).

Pursuant to Rule 26(b), Federal Rules of Civil Procedure (Rule(s)), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Hence, information regarding whether full time and best efforts were put forth in the operation of the franchises is clearly relevant herein.[2] Accordingly, Plaintiffs must produce documents responsive to the request.

Next it is argued that, despite Plaintiffs' agreement to produce documents responsive to request 10 of the First Request, *see* Motion at 10, "McDonald's has good cause to believe that Plaintiffs have not identified and produced all [such] documents[.]" *Id.* at 12. The Opposition maintains "the documents within Plaintiffs' possession, custody or control which are responsive to request number 10 have been produced." Opposition at 4. In the Reply, Defendant asserts "Plaintiffs' document collection efforts were [deficient]" and again requests the Court

---

[2]   Plaintiffs have not argued any documents sought by the request are irrelevant to the issue of full time and best efforts, only that full time and best efforts are not relevant to this case. Thus, though it appears it may have been possible for meritorious objections to have been raised, the Court will address only the issues before it as presented by the parties. However, pursuant to Rule 34(a), Plaintiffs need produce only those materials "which are in the[ir] possession, custody, or control[.]"

to compel production.  Reply at 4.  While it is not clear whether Plaintiffs have any responsive documents which they have not yet provided to McDonald's, to the extent they do, the Court will require production.

Finally, documents relating to communications between McDonald's and Plaintiffs are sought.  *See* First Request at 1; Motion at 12 n.7; Opposition at 5.  Plaintiffs "have limited the[ir] response to those documents beginning in January, 2003[.]" Opposition at 5.  Defendant asserts it "did not agree to this limitation[,]" Motion at 12, and contends that "the communications related to the alleged oral contract started to take place at least as early as September 2002." *Id.* at 13.[3]  Similarly, according to the Opposition, "Plaintiffs allege that in the fall of 2002, Plaintiffs and McDonald's entered into an oral contract[.]" Opposition at 5.  In the Reply, Defendant again stresses the September 2002 date.  Indeed, the Complaint states key representations were made to Plaintiffs "[i]n or about September, 2002[.]" *Id.* ¶ 11.  Under the circumstances, it is appropriate for

---

[3]      As written, requests 3 and 4 of the First Request, without time limitation, call for the production of every document or note regarding communications between Plaintiffs and Defendant.  According to Plaintiffs, they have been McDonald's franchisees since 1983 and "[o]ver this twenty-two (22) year period . . . have operated eighteen (18) McDonald's franchises."  Opposition at 5.  The amount of documentation created over this period of time is described as "massive."  *Id.*  Defendant has suggested the request could be narrowed to relate "to plaintiffs' claims in this litigation and plaintiffs' quality, service, and cleanliness performance."  untitled letter, attached to the Motion as Exhibit E, at 3.

Plaintiffs to produce documents responsive to the request, as limited, *see supra* n.3, dating back to September 1, 2002.

In light of the foregoing, the Motion (Doc. #25) is **GRANTED** to the extent Plaintiffs shall produce documents, as detailed herein, within ten (10) days of the date of this Order.  However, as to requests 32, 33, 38, and 40 of the First Request, the Motion is **DENIED AS MOOT.**

**DONE AND ORDERED** at Jacksonville, Florida this 29th day of April, 2005.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    *pro se* parties, if any

- 6 -